UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susana Verduzco, | No. 2:23-cv-02269-KJM-CSK |
| Plaintiff, | ORDER |
| v. | |
| St. Mary's High School, et al., | |
| Defendants. | |

Plaintiff Susana Verduzco filed this pregnancy-related action in the Superior Court of California, County of San Joaquin, against St. Mary's High School (High School), St. Mary's High School Foundation (Foundation) and Does 1 through 50, inclusive.[1]  Defendants High School and Foundation removed the case, and then filed the instant motion to dismiss and motion for a more definite statement.[2]  Plaintiff opposes, and defendants have replied.  For the reasons

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.* at 642.  The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

[2] The parties subsequently stipulated to dismiss the Foundation without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  *See* Stip. and Prior Order (Feb. 29, 2024), ECF

1

below, the court **grants in part the motion for a more definite statement and grants in part the motion to dismiss**.

I.     BACKGROUND

Plaintiff alleges she was hired to work as a human resources and payroll administrator in a temporary position for defendant.[3]  *See* Compl. ¶ 9, Removal Notice Ex. A, ECF No. 1.  Plaintiff received positive feedback and her supervisor, Monique Carter, asked whether she was interested in a non-temporary position.  *Id.* ¶¶ 11–13.  Plaintiff stated she was interested and was later told she would be hired at the end of January 2023.  *Id.* ¶ 15.

Shortly afterwards, plaintiff informed Carter she was pregnant.  *Id.* ¶ 16.  Plaintiff alleges Carter "reacted negatively, was surprised, and indicated she would need to speak with [d]efendant's President regarding [p]laintiff's employment as the pregnancy news was a new revelation."  *Id.*  Further, Carter called plaintiff "a baby making machine and asked if [p]laintiff was getting her tubes tied after this one."  *Id.*

Later, Carter informed plaintiff "that after speaking with the President, [d]efendant would not be hiring [p]laintiff as a permanent employee as [d]efendant needed someone who could be there."  *Id.* ¶ 17.  Plaintiff was informed "that if the position was available after [p]laintiff had her baby, she could apply then."  *Id.*  Carter then began "regularly" making "inappropriate comments regarding [p]laintiff's pregnancy, such as asking [p]laintiff to waddle on over[.]"  *Id.* ¶ 20.  Additionally, plaintiff alleges her replacement, Joy, told her that "her stomach was small and so were her legs and butt, but [p]laintiff's breasts were huge for a pregnant woman."  *Id.* ¶ 21.  Plaintiff reported the comments, but Carter "disregarded the comments" and suggested no harm was meant by them.  *Id.*  Carter later spoke to Joy and said, "some people may find said comments offensive."  *Id.*

---

No. 20.  Accordingly, the court will refer to the High School only when discussing defendants' motion.

[3] Plaintiff does not specify which defendant hired her.  Instead, plaintiff refers to the High School, Foundation and Does 1 through 50 collectively as "defendant" throughout the complaint.  *See* Compl. ¶ 8.  For purposes of this background section, the court does so as well, unless otherwise specified.

2

On plaintiff's final day, Carter told plaintiff she may reach out "for help during [p]laintiff's leave" but would "try not to bother [p]laintiff because she was on disability." *Id.* ¶ 22. Carter then laughed. *Id.* After plaintiff delivered her baby, she reached out to Carter but received no response. *Id.* ¶ 24. Plaintiff then contacted the staffing agency that had placed plaintiff and was told she was no longer needed. *Id.* ¶ 25.

Plaintiff subsequently filed a complaint with the California Civil Rights Department and the Equal Employment Opportunity Commission and received right to sue letters. *See id.* at 21–31.[4] Plaintiff then filed this pregnancy-related action asserting a claim for intentional infliction of emotional distress (IIED) and claims under the California Fair Employment and Housing Act (FEHA), the California Constitution and Title VII of the Civil Rights Act of 1964. *See generally id.* Defendants High School and Foundation removed the case to federal court on the ground this court has original jurisdiction under 28 U.S.C. § 1331, *see* Removal Notice, ECF No. 1, and then filed the instant motion to dismiss and motion for a more definite statement, *see* Mot., ECF No. 8. The motion is now fully briefed. *See generally* Opp'n, ECF No. 13; Reply, ECF No. 14. The court submitted the matter as provided under Local Rule 230(g). Min. Order (Jan. 18, 2024), ECF No. 16.

## II.   MOTION FOR A MORE DEFINITE STATEMENT

The High School requests the court order plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e). Mem. at 16, ECF No. 8-2. Rule 12(e) permits parties to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.* A motion for a more definite statement "should not be granted unless the defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

"Whether to grant a Rule 12(e) motion is within the discretion of the district court." *Star Fabrics Inc. v. Norm Thompson Outfitters, LLC*, 2019 WL 6894528, at *1 (C.D. Cal. July 10,

---

[4] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

3

1  2019).  If the court grants a party's motion for a more definite statement, the court may allow

2  leave to amend the pleading to comply with Rule 8.  *See Mason v. Cnty. of Orange*, 251 F.R.D.

3  562, 563 (C.D. Cal. 2008).

4  Here, the High School requests the court order plaintiff provide a more definite statement,

5  because plaintiff's use of the term "defendant" is so confusing the High School is unable to

6  ascertain the nature of the claims being asserted against it in particular.[5]  Mot. at 3; Mem. at 17.

7  Plaintiff opposes, arguing the request is "wholly without merit" and contends the High School

8  "cite[s] no authority supporting [its] claim that the incorporation of Doe [d]efendants throughout

9  a [c]omplaint renders it unintelligible."  Opp'n at 8.  Further, plaintiff argues the High School

10 "can certainly conduct discovery to obtain more detailed information."  *Id.*  In response, the High

11 School argues plaintiff "misses the point."  Reply at 6.  The High School has a point.

12 Courts have used the term "shotgun pleading" to describe several different pleading

13 problems, including a complaint that does not differentiate between or among defendants.  *See,*

14 *e.g.*, *Destfino v. Kennedy*, No. 08-1269, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008), *aff'd*

15 *sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011); *see also Sollberger v. Wachovia Sec.,*

16 *LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).  Here, the complaint fits this

17 description.  As the High School points out, plaintiff's decision to collectively refer to the High

18 School, Foundation and Does 1 through 50 as "defendant," makes it almost entirely unclear who

19 for example, hired plaintiff, who was responsible for her alleged harm and whether more than one

20 person or entity could be liable.  *See* Mem. at 17.  At the pleading stage, a complaint does not

21 need to be overly detailed, but defendants must be provided fair notice about how they each were

22 involved in the alleged wrongful conduct.  *See Conta v. City of Huntington Beach*, No. 21-01897,

23 2022 WL 3574439, at *4 (C.D. Cal. June 22, 2022).  Given the lack of differentiation between

24 and among defendants in the complaint as pled, the court **GRANTS** the High School's motion for

25 a more definite statement **in part**.  Plaintiff is given leave to amend the complaint to provide a

---

[5] The High School also argues that "in order for [it] to be liable to [p]laintiff for a civil rights violation under section 1983, Plaintiff must plead beyond the mere conclusion that [the High School] acted under color of law.  Mem. at 17.  However, plaintiff does not allege any 1983 claims.  Therefore, the court disregards this argument.

1  more definite statement regarding plaintiff's use of the term "defendant." *See, e.g.*, *id.* However,
2  as explained below, because the six FEHA claims cannot proceed against the High School,
3  plaintiff's amended complaint shall exclude these claims against the High School.

### III. MOTION TO DISMISS

#### A. Request for Judicial Notice

In support of its motion to dismiss, the High School requests the court take judicial notice of the High School's articles of incorporation filed with the California Secretary of State on December 9, 2002, and its amended articles of incorporation filed with the Secretary of State on January 20, 2004. *See* Req. at 2, ECF No. 8-1. Generally, when considering matters outside the pleadings in ruling on a motion to dismiss, courts must convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, an exception to this rule exists for when a court takes judicial notice under Federal Rule of Evidence 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 permits a court to take "judicial notice" of a fact if it is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

The court finds it appropriate to take judicial notice of the High School's articles of incorporation under Federal Rule of Evidence 201. Articles of incorporation are documents not subject to reasonable dispute. *See Fed. Deposit Ins. Corp. as Receiver for Butte Cmty. Bank v. Ching*, No. 13-1710, 2016 WL 1756913, at *3 (E.D. Cal. May 3, 2016) ("The public-record content of a corporation's articles of incorporation is so indisputable as to be subject to judicial notice"); *see also Ostrander v. St. Columba Sch.*, No. 21-175, 2021 WL 3054877, at *3 (S.D. Cal. July 20, 2021) (noting "courts routinely take judicial notice of articles of incorporation in evaluating whether FEHA's religious exemption applies") (collecting cases). Accordingly, the court **grants** the High School's request for judicial notice.

/////

**B.     Legal Standard**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Here, the High School seeks to dismiss plaintiff's FEHA claims and IIED claim. The High School also seeks to strike or dismiss plaintiff's claims for punitive damages. *See* Mem. at 6. Plaintiffs oppose. *See* Opp'n at 4–8. The court will evaluate each of these arguments in turn.

**C.     Analysis**

    **1.     FEHA Claims**

Plaintiff alleges "defendant"[6] committed six FEHA violations: (1) discrimination based on her pregnancy status; (2) harassment based on her pregnancy status; (3) failure to provide protected medical leave; (4) failure to make reasonable accommodations for plaintiff's pregnancy status; (5) failure to engage with plaintiff in a process to determine reasonable accommodations

---

[6] As noted above, plaintiff refers to "defendant" in the singular when referring to the High School, Foundation and Does 1 through 50. *See, e.g.*, *id.* ¶¶ 8, 35, 38.

6

1  for her pregnancy status; and (6) failure to take reasonable steps to prevent discrimination and
2  harassment. *See* Compl. ¶¶ 34–51. FEHA prohibits qualifying employers from engaging in
3  certain unlawful employment practices. Cal. Gov't Code § 12940(a). However, FEHA explicitly
4  provides the term "employer" does not include a "religious association or corporation not
5  organized for private profit." Cal. Gov't Code § 12926(d).

The High School argues plaintiff's FEHA claims against it must be dismissed without leave to amend, because it is a religious corporation not subject to FEHA. *See* Mem. at 6. In opposition, plaintiff raises two arguments. First, while conceding the High School is incorporated as a religious corporation, plaintiff argues the High School "is not acting as such a corporation." *See* Opp'n at 4. Instead, plaintiff argues—without any legal authority—that the High School is "acting as a nonprofit public benefit corporation" and is therefore an employer under FEHA. *Id.* The court finds plaintiff's argument unavailing. *See Horn v. Azusa Pac. Univ.*, No. 18-09948, 2019 WL 9044606, at *6 (C.D. Cal. Jan. 14, 2019) (noting "§ 12926(d) does not concern itself with how a corporation functions, but rather how it is organized"). A nonprofit public benefit corporation is a specific type of corporate entity that must specifically state in its articles of incorporation that it is a "nonprofit public benefit corporation . . . organized under the Nonprofit Public Benefit Corporation Law[.]" Cal. Corp. Code § 5130(b)(1). Likewise, a religious corporation must include specific language stating it is a "religious corporation . . . organized under the Nonprofit Religious Corporation Law[.]" Cal. Corp. Code § 9130(b). The High School's articles of incorporation contain language indicating it is a religious corporation, not a nonprofit public benefit corporation. Req. at 4, 7; *see also Sprewell* 266 F.3d at 988.

Second, plaintiff contends the High School is liable under FEHA as an agent of the Foundation. *See* Opp'n at 5. Specifically, plaintiff argues FEHA defines an employer as including "any person acting as an agent of an employer, directly or indirectly." *Id.* However, the court finds plaintiff's selective definition unpersuasive. As the High School points out, FEHA defines an employer in full as:

> [A]ny person regularly employing five or more persons, or any
> person acting as an agent of an employer, directly or indirectly, the

7

> state or any political or civil subdivision of the state, and cities, except as follows: *'Employer' does not include a religious association or corporation not organized for private profit.*

Cal. Gov't Code § 12926(d) (emphasis added). As established above, the High School is a religious corporation not organized for private profit and is therefore not considered an employer under FEHA. Accordingly, the court **grants** defendants' motion to dismiss the FEHA claims against the High School without leave to amend.

### 2. IIED Claim

The High School next argues the court should dismiss plaintiff's IIED claim for failure to state a claim. *See* Mem. at 13. To prevail on an IIED claim, a plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009)). The defendant's conduct is sufficiently "outrageous" when it rises to a level exceeding the bounds usually tolerated in civilized society. *Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council*, 322 F.3d 602, 622 (9th Cir. 2003) (citation omitted). "Where reasonable persons may differ, the trier of fact is to determine whether the conduct has been sufficiently extreme and outrageous to result in liability." *Tekle v. United States*, 511 F.3d 839, 856 (9th Cir. 2007) (internal quotation and citation omitted).

The High School argues "at best, [p]laintiff's [c]omplaint can be considered to allege mere insults, indignities, annoyances, or other trivialities, which do not amount to IIED." Mem. at 14. In opposition, plaintiff argues the facts alleged in the complaint are "sufficiently outrageous" to state a claim for IIED and "should be left for the trier of fact." Opp'n at 6.

Here, as summarized above, plaintiff points to the various remarks her supervisor made after she revealed her pregnancy such as asking "if [p]laintiff was getting her tubes tied after this one," Compl. ¶ 16, as well as comments made by other employees about plaintiff's appearance,

8

*see id.* ¶ 21. Further, plaintiff alleges defendants offered her a job opportunity only to take it away after she disclosed her pregnancy status. *Id.* ¶¶ 15–17. Here, as discussed above, plaintiff does not clearly differentiate between or among defendants. Therefore, whether plaintiff states a viable claim for IIED is an issue better decided after the complaint has been amended as allowed above. *See, e.g.*, *Horn*, 2019 WL 9044606, at *12 (noting issue "better decided on a more developed factual record"). Accordingly, the High School's motion to dismiss plaintiff's IIED claim at this stage is **denied**. Plaintiff may replead this claim in clarifying against which defendant or defendants she brings it.

### 3. Punitive Damages

Lastly, the court examines the High School's motion to strike or dismiss plaintiff's claims for punitive damages. *See* Mot. at 14. Federal Rule of Civil Procedure 12(f) is meant to avoid unnecessary expenditures of time and money over "spurious issues," not to test legal claims. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and quotation marks omitted). But because motions to strike under Rule 12(f) and motions to dismiss for failure to state a claim under Rule 12(b)(6) resemble one another as far as evidentiary standards and proof are concerned; district courts occasionally convert 12(f) motions to 12(b)(6) motions. *See, e.g.*, *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010); *see also Whittlestone*, 618 F.3d at 975 n.2 (evaluating pleading alternatively under Rule 12(b)(6)). The parties will suffer no prejudice if the High School's motion to strike is converted to a motion to dismiss for failure to state a claim. The court therefore evaluates the motion to strike plaintiff's punitive damages claim as a motion to dismiss under Rule 12(b)(6).

The High School contends plaintiff's allegations do not satisfy the general standard set forth in California Civil Code section 3294 for recovery of punitive damages in cases of "oppression, fraud, or malice." Mot. at 14. In opposition, plaintiff alleges the High School's reliance on California law is misplaced. *See* Opp'n at 6. Instead, plaintiff alleges the court should apply the pleading standards set forth in Federal Rule of Civil Procedure Rule 9(b). *Id.* at 6–7. Under the applicable federal pleading requirements, plaintiff contends the conclusory

/////

allegation that defendants acted maliciously is sufficient at this stage to support her claims for punitive damages. *See id.* at 7.

California Civil Code section 3294 provides for punitive damages for a violation of state law:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a). While plaintiff must ultimately meet the substantive standard requiring "oppression, fraud, or malice" to obtain punitive damages, the Federal Rules of Civil Procedure impose no heightened requirement of particularity to support a claim of punitive damages based on malice at the pleading stage. *See Bird v. Globus Med., Inc.*, No. 19-1024, 2020 WL 5366300, at *7 (E.D. Cal. Sept. 8, 2020); *Woods v. Davol, Inc.*, No. 16-02616, 2017 WL 3421973, at *8 (E.D. Cal. Aug. 9, 2017).

Under Federal Rule of Civil Procedure 9(b), "malice, intent, knowledge, and other conditions of the mind may be alleged generally." Fed. R. Civ. P. 9(b). In this circuit, plaintiffs need not plead "any particularity in connection with an averment of intent, knowledge or condition of the mind." *Walling v. Beverly*, 476 F.2d 393, 397 (9th Cir. 1973) (citations omitted). Some district courts in this circuit have held conclusory assertions of malice are insufficient under the heightened pleading standard of *Twombly* and *Iqbal* for punitive damages. *See Singh v. Amguard Ins. Co.*, No. 16-618, 2016 WL 7469641, at *4 (C.D. Cal. Apr. 1, 2016) (citing *Kelley v. Corrections Corporation of America*, 750 F. Supp. 2d 1132, 1147–48 (E.D. Cal. 2010)). But this court has previously determined that claims for punitive damages may be alleged generally at the pleading stage. *See Bird*, 2020 WL 5366300, at *7. Plaintiff has made the kind of general allegations this court finds sufficient. Therefore, the High School's motion to strike or dismiss plaintiff's claims for punitive damages is **denied**.

/////

/////

10

## IV. CONCLUSION

For the reasons set forth above:

1. The motion for a more definite statement is **granted in part** and plaintiff is **granted leave to amend the complaint** as described above;

2. Claims one through six are **dismissed** against the High School without leave to amend;

3. The motion to dismiss claim seven and the motion to dismiss or strike the claims for punitive damages are **denied**;

4. Any amended complaint shall be filed **within twenty-one (21) days** of the date of this order.  Failure to timely file an amended complaint may result in the dismissal of this action and closing of this case without further notice;

5. The initial scheduling conference set for June 27, 2024, is hereby **VACATED** and **reset for September 18, 2024, at 2:30 PM** before the undersigned, with the filing of a Joint Status Report due fourteen (14) days prior.

This order resolves ECF No. 8.

IS SO ORDERED.

DATED: June 21, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE